I concur in the lead opinion in all respects. I write separately, however, to clarify the distinction between this case and In re AndrewB. (1995) 40 Cal.App.4th 825.
Andrew B. held Wende review applied to the termination of parental rights in juvenile dependency cases, a conclusion with which I dissented and which the Supreme Court has rejected. (In re Sade C. (1996)13 Cal.4th 952.) As I explained, juvenile dependency cases are fundamentally different from criminal proceedings and do not need Wende
review to safeguard a parent's rights. "[T]he juvenile dependency system is itself a process which affects an ongoing outcome. . . . At virtually every point in the process, the law requires the child to be returned to his or her parents unless certain findings are made. [¶] California's juvenile dependency statutes constitute a remarkable system of checks and balances, facilitated by the availability of counsel for indigent parents. The potential for a miscarriage of justice that willescape the notice of any minimally attentive appointed appellate counsel is so low as to be practically nil." (In re Andrew B., supra,40 Cal.App.4th at pp. 864-865, dis.opn. of Sills, J.)
In juvenile dependency cases, a parent faces the loss of the relationship with his child. While this loss is potentially devastating, it is qualitatively different from the loss of physical liberty and the attendant loss of civil rights at stake in a conservatorship proceeding. I agree with the lead opinion that these consequences require the same prophylactic measure that Wende review affords to criminal defendants.